PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-MC-00236-TLN-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $111,720.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On March 3, 2020, a California Highway Patrol Officer ("CHP") conducted a traffic stop on a vehicle driven by William J. Rienzi ("Rienzi" or "claimant") near Kingvale, California. Approximately $111,720.00 in U.S. Currency was seized from Rienzi during this encounter (hereafter "defendant currency").

2. The U.S. Customs and Border Protection ("CBP") commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about June 23, 2020, the CBP received a claim from Rienzi asserting an ownership interest in the defendant currency.

3. The United States' represents that it could show at a forfeiture trial that since December 2019, the Inland Crackdown Allied Taskforce ("INCA") has been conducting a narcotics and money laundering investigation involving Rienzi.  INCA is comprised of many law enforcement agencies

including Homeland Security Investigations. In late December 2019, law enforcement seized over $400,000 in cash from Rienzi as part of an operation in Castaic, California. In February of 2020, law enforcement began tracking Rienzi's cell phone activity because they suspected he was transporting large amounts of currency and marijuana throughout the United States.

4. The United States' represents that it could show at a forfeiture trial that in early March 2020, law enforcement learned that Rienzi was traveling from Michigan to California in a white Nissan Pathfinder and that he was due to deliver the vehicle in San Francisco on March 3, 2020. Based on intelligence gathered of Rienzi's past activity, law enforcement believed he was traveling across country and state lines for the purpose of transporting marijuana and/or large amounts of cash. Law enforcement continued to monitor Rienzi's movement across country and established surveillance between the cities of Reno, Nevada and Truckee, California. Law enforcement identified Rienzi's vehicle traveling west bound along Interstate 80. Law enforcement established mobile surveillance on the vehicle as it crossed the border into California.

5. The United States' represents that CHP Officer Barton was on patrol when he observed Rienzi's vehicle on west bound Interstate 80 east of Kingvale Road. Officer Barton noted that Rienzi was speeding, rapidly tapping and releasing his brakes, and weaving across the painted white line on the right side of the lane. Officer Barton conducted a traffic stop. Rienzi was identified as the driver of the vehicle and there was a female in the passenger seat. CHP Officer Katzakian arrived on the scene to assist with the traffic stop. Based on indicators of criminal activity, including Rienzi and the female passenger's nervous behavior and conflicting statements about their travel, Officer Barton retrieved his drug detection dog from his vehicle. The drug detection dog alerted to the odor of narcotics at the left rear door and trunk of the vehicle.

6. The United States' represents that law enforcement conducted a search of the vehicle and discovered two sealed boxes, a black duffle bag, and a purple suitcase with a lock on it under a blanket in the trunk of the vehicle. In the rear floor storage compartment, they found a gray duffel bag. Both the black and gray duffel bags and the sealed boxes contained large quantities of THC vape cartridges. The purple suitcase had female clothing items and a zipper pouch in the bottom of the suitcase that contained two large heat-sealed packages with large amounts of cash, later identified as $111,720.00 in U.S.

Currency. The female passenger stated that she had no idea the cash was in her suitcase, who it belonged to, or where it came from. After being advised of his Miranda rights, Rienzi admitted that the number of THC vape cartridges in his possession (42 boxes) exceeded the legal quantity that could be possessed and transported in California. Rienzi was cited and released.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

8. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Rienzi acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $91,720.00 of the Approximately $111,720.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $20,000.00 of the Approximately $111,720.00 in U.S. Currency shall be returned to claimant William J. Rienzi, through his attorney Samuel D. Berns.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: July 28, 2021

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture